UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMID BEHJOU,<br><br>　　　　Behjou,<br><br>　vs.<br><br>BANK OF AMERICA GROUP BENEFITS PROGRAM, BANK OF AMERICA HOME LOAN CORPORATION, BANK OF AMERICA CORPORATE BENEFITS COMMITTEE,<br><br>　　　　Defendants,<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　Real Party in Interest, | Case No: C 10-03982 SBA<br><br>**ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Dkt. 12 |

　　　　Plaintiff Omid Behjou ("Behjou") brings the instant action against Defendants Bank of America Group Benefits Program, Bank of America Home Loan Corporation and Bank of America Corporate Benefits Committee (collectively "the Bank Defendants"), as well as real party in interest, Aetna Life Insurance Company ("Aetna"), based on their alleged failure to pay disability benefits to him during the course of his employment with Bank of America N.A.[1]  The parties are presently before the Court on the Bank Defendants' partial motion to dismiss and to strike, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectively.  Dkt. 12.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the Bank Defendants'

---

[1] The Complaint identifies Behjou's employer as Bank of America Home Loan Corporation.  Compl. ¶ 2.  The Bank Defendants respond, and Behjou does not dispute, that his employer actually is Bank of America N.A.  Defs.' Mot. at 1 n.1, Dkt. 12.  Behjou is granted leave to correct this error.

motion in its entirety.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. PRIOR LITIGATION AND SETTLEMENT

On May 14, 2009, Behjou filed a class action complaint in this Court against Bank of America Corporation and Bank of America N.A. alleging, inter alia, violations of the California Labor Code.  See Behjou v. Bank of Am., C 09-2128 CRB.  On June 3, 2009, Behjou's case along with a number of other state court class actions raising similar claims were mediated.  Defs.' Request for Judicial Notice ("RJN"), Ex. A ¶ 24.  Although the cases did not settle at that time, the parties continued their discussions and ultimately reached a settlement on July 8, 2009.  Id.  The $16,650,000.00 settlement was memorialized in a Joint Stipulation of Settlement and Release ("Settlement").  Id.  As to class representatives, the Release in the Settlement states as follows:

### VI. RELEASE OF CLAIMS

….

52. Released Claims by Class Representatives:  Subject to paragraph 52(c) below, which carves out certain claims as to Class Representative Behjou only, and in consideration for an enhancement payment as ordered by the Court, the Class Representatives, including Behjou, fully and finally releases and discharges the "Class Representatives' Released Parties" (as defined below) from all known and unknown "Class Representative Claims" (as defined below)….

(a) The term "Class Members' Released Parties" means Defendants Bank of America, National Association, any qualified or non-qualified "employee benefit plan" … and any other employee benefit plan, program, or arrangement sponsored by Bank of America Corporation or any predecessor, successor or affiliate of Bank of America Corporation ….

(b) The term "Class Representatives' Released Claims" means any and all Fair Labor Standards Act, 29 USC § 201, et seq., ("FLSA") and other federal and California state law wage-and-hour [claims], any and all claims for breaches of fiduciary duties under ERISA that are derivative of the claims raised in this Action in connection with the Benefit Plans, and any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the period from the beginning of time to the date on which the Court gives final approval of the Settlement ("Class Representatives' Released Period"), including without

<u>limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief</u>, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of claims for damages, unpaid wages, premium pay, wage deductions, unreimbursed business expenses, waiting-time penalties, or other penalties, for overtime, missed meal periods, missed rest breaks, improper wage statements, untimely payment of wages, inaccurate or incomplete recordkeeping, and other wage-and-hour violations, attorneys' fees or injunctive relief; and whether sounding in contract or tort….

<u>Id.</u> ¶ 52(a)-(b) (emphasis added). The Release included a separate subparagraph that specifically excluded certain claims of Behjou only. Paragraph 52(c) states:

> c. <u>Notwithstanding the foregoing, Plaintiff Behjou does not release the following claims: (i) any claims for short- and long-term disability benefits that may be due under his employer sponsored disability plans</u>, whether or not those benefits are payable through insurance maintained by those plans; (ii) any claims he may have as a non-employee, including but not limited to as a customer of Defendants and their subsidiaries, such as his currently existing home mortgage loan, home loan modification, home loan borrower protections and/or his personal bank accounts, line of credit, and credit cards, (iii) any claims related to any rights he may have to his 401(k), retirement, and/or other pension benefits (such as his vesting, ownership, title, and rights to possession), other insurance issues including life and/or health insurance, including COBRA; (iv) and claims that might be coming into existence in the future. <u>By entering into this Stipulation, Behjou does not prejudice any contention he has in his disability dispute concerning the Bank's obligation to pay him compensation, including without limitation the funding of any ERISA plan or any other ERISA benefits, during the period of his disability</u>.

<u>Id.</u> ¶ 52(c) (emphasis added). Behjou, along with the other class representatives, received an "enhancement[]" payment in the amount of $10,000 as part of the Settlement. <u>Id.</u> ¶ 28(a).

**B.   THE INSTANT ACTION**

On September 3, 2010, Behjou filed a Complaint for ERISA Benefits and Related Unpaid Salary against Defendants in this Court. Dkt. 1. The Complaint alleges five claims for relief: (1) recovery of benefits under ERISA; (2) breach of fiduciary duty;

(3) violation of California Insurance Code § 10111.2; (4) failure to pay salary due under California Labor Code § 210; and (5) intentional infliction of emotional distress ("IIED").

The Bank Defendants now move to dismiss the third, fourth and fifth claims, and to strike Behjou's prayers and allegations seeking punitive damages, interest and attorneys' fees on the ground that they are barred by the Settlement. In his third cause of action, Behjou alleges that under California Insurance Code § 10111.2(c), he is entitled to the payment of ten percent interest per annum for unpaid benefits related to a denial of short-term or long-term benefits. Compl. ¶ 34.[2] Behjou's fourth claim alleges that "[t]he short[-]term disability benefit is a payroll practice exempt from ERISA," and that "the underpayment of benefits due violates California Labor Code section 210[.]" Id. ¶ 36. Finally, Behjou alleges in his fifth claim for IIED that the Bank Defendants' alleged failure to pay short-term disability benefits caused him severe emotional distress. Id. ¶¶ 39-40. Behjou's position is that these claims are within the purview of the carve-out in the Settlement.

## II.     LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). In adjudicating a Rule 12(b)(6) motion, the Court may consider the allegations of the complaint and matters that are properly the subject of judicial notice under Federal Rule of Evidence 201. Barron v.

---

[2] In his opposition, Behjou acknowledges that his third claim is improperly alleged against the Bank Defendants, and that Aetna is the only proper defendant in this claim. Pl.'s Opp'n at 4, Dkt. 23. Behjou correspondingly requests leave to amend "to clarify [that] this claim is made only against Aetna and not the bank." Id. Under Rule 15(a), a plaintiff may dismiss a single claim against a particular defendant. See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-688 (9th Cir. 2005). There being no opposition to Behjou's request, the Court will permit Behjou to amend his pleadings accordingly.

Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.   DISCUSSION

Under California law, the interpretation of a release is governed by the same principles applicable to any other contract.  See Cohen v. Five Brooks Stable, 159 Cal.App.4th 1476, 1483 (2008).[3]  Contracts are to be interpreted to give effect to the mutual intention of the parties at the time of contracting.  Cal. Civ. Code § 1638; Waller v. Truck Ins. Exch., 11 Cal.4th 1, 18 (1995).  "[S]uch intent is to be inferred, if possible, solely from the written provisions of the contract," read in their ordinary and popular sense, unless it appears the parties used the terms in some special sense.  AIU Ins. Co. v. FMC Corp., 51 Cal.3d 807, 822 (1995) (citing Cal. Civ. Code § 1639).  "If the contract language is clear and explicit, it governs."  Foster-Gardner, Inc. v. National Union Fire Ins. Co., 18 Cal.4th 857, 868 (1998) (internal quotations and citation omitted).  A contract is "to be construed as a whole, effecting harmony among and giving meaning to all the parts thereof."  Hi-Desert County Water Dist. v. Blue Skies Country Club, Inc., 23 Cal.App.4th 1723, 1734 (1994) (internal quotation marks omitted).  The "interpretation of a contract generally presents a question of law for this court to determine[.]"  DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc., 176 Cal.App.4th 697, 713 (2009).

There is no dispute between the parties that Behjou's fourth and fifth claims fall within the scope of the Release.  However, the parties disagree whether those claims may nonetheless be actionable under the terms of the carve-out set forth in paragraph 52(c) of the Settlement, which expressly permits Behjou to pursue certain claims, notwithstanding the Release.  The carve-out permits Behjou to pursue four types of claims:  (1) claims for short-term and long-term disability benefits; (2) claims unrelated to his employment; (3) claims relating to his rights to his 401k retirement and/or pension benefits; and (4) any

---

[3] The Settlement states that its provisions are governed by California law.  RJN Ex. A ¶ 78.

future claims. RJN Ex. A ¶ 52(c). In addition to these four categories, the carve-out states that "[b]y entering into this Stipulation, Behjou does not prejudice any contention he has in his <u>disability dispute concerning the Bank's obligation to pay him compensation</u>, including without limitation the funding of any ERISA plan or any other ERISA benefits, during the period of his disability." Id. (emphasis added). Here, the fourth and fifth claims are based on the alleged failure of the Bank Defendants to pay him salary owed as a short-term disability benefit. Compl. ¶ 37. Thus, as alleged, these claims fall within the exception for claims concerning the Bank Defendants' "obligation to pay him compensation." RJN Ex. A ¶ 52(c).

The Bank Defendants argue that construing the carve-out in a manner permitting Behjou to pursue his fourth and fifth claims would "nullify" the provision in the Release for all state and federal "wage-and-hour" claims and "claims for wages." Defs.' Reply at 3, Dkt. 26. As support, the Bank Defendants rely on the settled principle that "when a general and a particular provision are inconsistent, the particular and specific provision is paramount to the general provision." Prouty v. Gores Tech. Group, 121 Cal.App.4th 1225, 1235 (2004); Cal. Code Civ. Proc. § 1859.[4] The Bank Defendants summarily assert that carve-out is the general provision and that the Release is the specific provision. But, it is just the opposite. The Release set forth at ¶ 52(b) of the Settlement is the general provision, while the carve-out, *which applies to Behjou only*, is the specific provision—not vice-versa. Nor are the provisions inconsistent. To the contrary, paragraph 52(b) simply results in a general release of Behjou's wage claims, while paragraph 52(c) creates an exception that authorizes Behjou to bring claims for compensation to the extent that they are related to his disability dispute—*notwithstanding the Release.* Thus, despite the Bank Defendants' claims the contrary, there simply is no inconsistency between the Release and the carve-out.

---

[4] The Banks Defendants did not raise the issue of the carve-out in its moving papers. Therefore, this argument is not properly before the Court. See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005). Nevertheless, the Court rejects the Bank Defendants' contention on the merits.

A. **MOTION TO STRIKE**

The Bank Defendants next contend that the Court should strike Behjou's prayer for punitive damages, interest and attorneys' fees because their recovery is barred by the Settlement. Defs.' Mot. at 8. Under Rule 12(f), the Court has discretion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) cannot be utilized to strike claims for damages or attorneys' fees on the ground that they are precluded as a matter of law. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 975-76 (9th Cir. 2010).

IV. **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. The Bank Defendants' partial motion to dismiss and to strike is DENIED.

2. Behjou is granted leave to file a First Amended Complaint to correctly name his employer and to clarify that his third claim is alleged against Aetna only. Behjou shall file his amended complaint within five (5) days of the date this Order is filed. Defendants shall file their responsive pleading within ten (10) days thereafter.

3. The parties shall appear for a telephonic Case Management Conference on **June 2, 2011 at 3:30 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. The statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3. This Order terminates Docket 12.

IT IS SO ORDERED.

Dated: May 11, 2011



SAUNDRA BROWN ARMSTRONG
United States District Judge