UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMID BEHJOU, | Case No: C 10-03982 SBA |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS THIRD CAUSE OF ACTION** |
| vs. | |
| BANK OF AMERICA GROUP BENEFITS PROGRAM, BANK OF AMERICA HOME LOAN CORPORATION, BANK OF AMERICA CORPORATE BENEFITS COMMITTEE, | Dkt. 35 |
| Defendants, | |
| AETNA LIFE INSURANCE COMPANY, | |
| Real Party in Interest, | |

Plaintiff Omid Behjou ("Plaintiff") brings the instant action against his employer, Defendant Bank of America N.A., as well as real party in interest, Aetna Life Insurance Company ("Aetna"), based on their alleged failure to pay him disability benefits. The parties are presently before the Court on Aetna's motion to dismiss the third cause of action of the First Amended Complaint ("FAC"). Dkt. 35. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Aetna's motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.  BACKGROUND

Plaintiff is employed by Bank of America, and is paid largely on a commission basis. FAC ¶ 2. Since 2008, he has experienced various periods of disability. Id. Under the self-funded Bank of America Group Benefits Program, Plaintiff is entitled to short term and long term disability benefits. Id. ¶¶ 3, 13. The short term disability benefit has a one-

week elimination (i.e., waiting) period, followed by the payment of benefits for eight weeks at full salary and seventeen weeks at 70% salary.  Id.  According to Plaintiff, he was "shortchanged" on his short term disability benefits "because his pre-disability earnings were not calculated correctly in that he was not credited with his commission earnings to the extent he should have been credited."  Id.

In addition, Plaintiff alleges that his disability exceeded twenty-six weeks, and as such, after twenty-six weeks his claim should have been processed by Aetna as a long term disability benefit.  Id. ¶ 4.  Instead, Aetna allegedly treated his long term benefit claim "as if it were simply and extension of the short term benefit claim."  Id. ¶ 5.  Plaintiff unsuccessfully administratively appealed Aetna's action.  Id.

On September 3, 2010, Plaintiff commenced the instant lawsuit, and later amended his complaint on May 17, 2011.  His amended complaint alleges five claims for: (1) recovery of benefits under ERISA; (2) breach of fiduciary duty; (3) violation of California Insurance Code § 10111.2; (4) failure to pay salary due under California Labor Code § 210; and (5) intentional infliction of emotional distress.   In his third claim for relief, which is brought against Aetna only, Plaintiff alleges that he is entitled to payment of 10% interest on the amount of unpaid disability benefits.  FAC ¶¶ 34, 35.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Aetna now moves to dismiss Plaintiff's third claim for relief.  The motion has been fully briefed and is now ripe for adjudication.

## II.  LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party."  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  In adjudicating a Rule 12(b)(6) motion, the Court may consider the allegations of the complaint and matters that are properly the subject of judicial notice under Federal Rule of Evidence 201.  Barron v.

1 Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Where a complaint or claim is dismissed, leave

2 to amend generally is granted, unless further amendment would be futile. Chaset v.

3 Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

4 **III.   DISCUSSION**

5        Plaintiff's third claim alleges that Aetna violated California Insurance Code

6 § 10111.2. This section provides, in pertinent part, that: "When the insurer has received all

7 information needed to determine liability for a claim, and the insurer determines that

8 liability exists and fails to make payment of benefits to the insured within 30 calendar days

9 after the insurer has received that information, any delayed payment shall bear interest,

10 beginning the 31st calendar day, *at the rate of 10 percent per year*." Cal. Ins. Code

11 § 10111.2(c) (emphasis added).

12        Aetna contends that Plaintiff's claim under § 10111.2 is preempted by ERISA. The

13 Court agrees. "[A]llowing a plaintiff to proceed with a state law claim under section

14 10111.2 would effectively impose a mandatory prejudgment interest rate of ten percent on

15 successful ERISA claims, improperly expanding the scope of ERISA damages and

16 supplementing the ERISA enforcement remedy." See Prado v. Allied Domecq Spirits and

17 Wine Group Disability Income Policy, --F. Supp. 2d --, 2011 WL 2976261 (N.D. Cal. July

18 22, 2011) (Conti, J.). This Court has uniformly adopted such reasoning in concluding that a

19 claim for interest under California Insurance Code § 10111.2 is preempted by ERISA.

20 White v. Coblentz, Patch and Bass LLP Long Term Disability Ins. Plan, No. C 10-1855

21 BZ, 2011 WL 2531193, at *6 (N.D. Cal. June 24, 2011) (Zimmerman, J.); Turnispeed v.

22 Educ. Mgmt. LLC's Emp. Disability Plan, No. C 09-3811 MHP, 2010 WL 140384, at *4

23 (N.D. Cal. Jan.13, 2010) (Patel, J.); Minton v. Deloitte & Touche USA LLP Plan, 631 F.

24 Supp. 2d 1213, 1220 n.4 (N.D. Cal. 2009) (Wilken, J.). Notably, Plaintiff has provided no

25 authority to the contrary.[1]

26

27        [1] Because it is clear that Plaintiff's claim for interest under California Insurance
Code § 10111.2 is preempted by ERISA, the Court need not reach Aetna's remaining
28 arguments for dismissal.

**IV.** **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.      Aetna's motion to dismiss Plaintiff's third claim for relief is GRANTED. Because no amendment can cure the deficiency leading to said dismissal, this claim is dismissed without leave to amend.

2.      The motion hearing and Case Management Conference scheduled for September 19, 2011 are VACATED.  The Case Management Conference is CONTINUED to October 13, 2011 at 2:45 p.m.  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement. Plaintiff is responsible for filing joint statement no less than seven (7) days prior to the conference date.  The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiff is responsible for setting up the conference call.  On the specified date and time, Plaintiff shall call (510) 637-3559 with all parties on the line.

3.      This Order terminates Docket 35.

IT IS SO ORDERED.

Dated:  September 19, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge