UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMID BEHJOU,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA GROUP BENEFITS PROGRAM, BANK OF AMERICA HOME LOAN CORPORATION, BANK OF AMERICA CORPORATE BENEFITS COMMITTEE,<br><br>    Defendants,<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Real Party in Interest, | Case No: C 10-03982 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Dkt. 53, 58 |

Plaintiff Omid Behjou brings the instant action against Defendants Bank of America N.A. ("Bank of America"), Bank of America Group Benefits Program ("the Plan") and Bank of America Corporate Benefits Committee (collectively "the Bank Defendants"), as well as real party in interest, Aetna Life Insurance Company, based on their alleged failure to pay disability benefits to him during the course of his employment with Bank of America N.A. The parties are presently before the Court on Plaintiff and the Bank Defendants' cross-motions for partial summary judgment concerning the issue of whether short term disability benefit payments constitute a "payroll practice" exempt from the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002, et seq. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion and DENIES the Bank Defendants' motion. The Court resolves the instant motions without oral argument. See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

The parties are familiar with the facts of this case which are summarized herein only to the extent they are germane to the instant motion. Plaintiff is currently employed by Bank of America as a mortgage officer. During the course of his employment, Plaintiff took a number of medical leaves due to disability. He applied for and received short term disability benefits through the Plan, though he was deemed ineligible after several months. He also was denied long-term disability benefits because he had not received short term disability benefits for the requisite amount of time.

On September 3, 2010, Behjou filed a Complaint for ERISA Benefits and Related Unpaid Salary against Defendants in this Court. Dkt. 1. The Complaint alleges five claims for relief: (1) recovery of benefits under ERISA; (2) breach of fiduciary duty; (3) violation of California Insurance Code § 10111.2[1]; (4) failure to pay salary due under California Labor Code § 210; and (5) intentional infliction of emotional distress ("IIED"). Plaintiff claims that he was underpaid short term disability benefits, and that he was improperly denied long-term disability benefits.

Now before the Court are competing motions which address the issue of whether the short term disability component of the Plan constitutes a "payroll practice" within the meaning of ERISA. If it is not a payroll practice, the parties agree that Plaintiff's fourth and fifth claims for violation of California Labor Code § 210 and IIED, respectively, are preempted by ERISA. As such, Plaintiff contends that the payment of short term disability benefits constitutes a payroll practice, while the Bank Defendants asserts that it does not. The matter has now been fully briefed and is ripe for adjudication.[2]

---

[1] The third claim was dismissed pursuant to the Court's Order of September 20, 2011. Dkt. 45.

[2] The parties should be aware that under this Court's Standing Order, they are limited to filing one motion for summary judgment. See Judge Armstrong's Standing Orders at 4, eff. 7/1/11. The parties may not file any additional summary judgment motions without prior leave of court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The movant bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

"On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (internal quotations omitted) (quoting in part Scott v. Harris, 550 U.S. 372, 380 (2007)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. A factual dispute is genuine if it "properly can be resolved in favor of either party." Id. at 250. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Id.

## III. DISCUSSION

ERISA regulates "employee welfare benefit plans," which include plans that provide employees "benefits in the event of sickness." 29 U.S.C. § 1002(1). "[A]ny and all State laws" that relate to an ERISA-governed employee benefit plan are preempted to the extent they have a "connection with" or make "reference to such a plan." Golden Gate Restaurant

1 Ass'n v. City and Cnty. of San Francisco, 546 F.3d 639, 648 (9th Cir. 2008) (quoting in
2 part 29 U.S.C. § 1144(a)).  ERISA displaces all state laws "within its sphere, even
3 including state laws that are consistent with ERISA's substantive requirements."
4 Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985).
5      "A regulation of the Secretary of Labor, however, excludes certain 'payroll
6 practices' from the application of ERISA."  See Alaska Airlines, Inc. v. Oregon Bureau of
7 Labor, 122 F.3d 812, 812 (9th Cir. 1997).  This regulation provides that an "employee
8 welfare benefit plan" shall not include:  "Payment of an employee's *normal compensation*,
9 out of the *employer's general assets*, on account of periods of time during which the
10 employee is physically or mentally unable to perform his or her duties, or is otherwise
11 absent for medical reasons ...."  29 C.F.R. § 2510.3-1(b)(2) (emphasis added).  Here,
12 Plaintiff contends that the payment of short term disability benefits falls within this
13 regulation.  To determine whether the regulation is applicable, the Court focuses on "the
14 actual methods of payment."  Alaska Airlines, 122 F.3d at 814 (holding that employer's
15 payment of benefits from general assets qualified as a payroll practice under the plain
16 language of the regulation, even if the employer subsequently seeks reimbursement from
17 trust assets held in a separate fund).
18      The parties first dispute whether the payment of short term disability benefits
19 qualifies as "normal compensation."  29 C.F.R. § 2510.3-1(b)(2).  In Bassiri v. Xerox
20 Corp., 463 F.3d 927 (9th Cir. 2006), the Ninth Circuit, deferring to the Department of
21 Labor's interpretation of said term, held that, "'Normal' in this context can be read to refer
22 to the amount of compensation, the source of the payment, the manner of payment, or any
23 combination of the above."  Id. at 931.  In the case of the long-term disability plan at issue
24 in that case, the court found that the payment of disability benefits "more closely resembles
25 salary," given that "[t]he payments come in regular paychecks, in an amount tied to the
26 employee's salary and not to the variable performance of a fund" and cease upon the
27 employee's termination.  Id. at 932.
28

Like the benefits paid in Bassiri, the short term disability benefits paid by Bank of America contain the requisite indicia of "normal compensation." The Plan documents state that "STD [short term disability] replaces income" based upon the employee's base pay, or a specific formula if the employee is paid on a commission basis. White Decl. Ex. A at 25, Dkt. 55-2. Disability payments are made "through the regular payroll process" with deductions taken for tax withholding, insurance coverage, 401(k) contributions, and are considered taxable income. Id. at 24. Benefits terminate after twenty-six weeks or, inter alia, "when employment ends." Id. at 26. Defendants do not dispute any of the foregoing, but simply assert that the disability payments "are not 'wages' under the California Labor Code." Defs.' Opp'n at 3. Not only is this assertion unsupported, it cannot be reconciled with Bassiri's conclusion that the payment need only "closely resemble[]" wages or salary to constitute "normal compensation" within the meaning 29 C.F.R. § 2510.3-1(b)(2). Thus, applying the test set forth in Bassiri, the Court finds that the short term disability benefits paid to Plaintiff constitute normal compensation, as that term is used in the regulation.

The remaining issue is whether Plaintiff's short term disability benefits were paid out of Bank of America's general assets. See 29 C.F.R. § 2510.3-1(b)(2). The answer to this question is set forth in the Plan documents, which specifically state that short term disability benefits are paid from the company's "general assets." White Decl. Ex. A, Dkt. 53-1 at 88. Notably, Defendants make no showing to the contrary. Rather, they contend that short term disability benefits are a component of "the integrated overall Plan, which is indisputably subject to ERISA." Defs.' Opp'n at 1. This argument misses the point. Under the Ninth Circuit's decision in Alaska Airlines, which is cited by neither side, the critical inquiry is not whether the payment of short term disability benefit is made under the auspices of a benefit plan; rather, the salient inquiry here is *the source* from which the benefits are actually paid. 122 F.3d at 814 (focusing on fact that payments were made from defendant's general assets); see also Bassiri, 463 F.3d at 931 (noting that the focus under 29 C.F.R. § 2510.3-1(b)(2) is "on the source of the funding"). In this case, the uncontroverted

evidence shows that the payment of short term disability benefits is made from Bank of America's general assets.

## IV. CONCLUSION

The Court concludes that Defendants' payment of short term disability benefits constitutes a "payroll practice" within the meaning of 29 C.F.R. § 2510.3-1(b)(2), and therefore, Plaintiff's fourth and fifth causes of action are not preempted by ERISA. Accordingly,

IT IS HEREBY ORDERED THAT:

1. The Bank Defendants' motion for partial summary judgment is DENIED, and Plaintiff's motion for partial summary judgment is GRANTED.

2. The parties shall appear for a telephonic Case Management Conference on **May 10, 2012 at 2:45 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. The parties shall propose a Rule 16 schedule that will result in the resolution of this case by December 2012. Plaintiff shall assume responsibility for filing the joint statement no less than two (2) days prior to the conference date. Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559. NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

3. This Order terminates Docket 53 and 58.

IT IS SO ORDERED.

Dated: May 1, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge